UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE MANUEL ESPARZA,<br><br>Plaintiff,<br><br>v.<br><br>SONNY PERDUE, et al.,<br><br>Defendants. | No. 2:18-cv-00154 KJM CKD (PS)<br><br><br><br>ORDER |

Plaintiff, proceeding pro se, commenced this action in January 2018. (ECF No. 18.) On August 29, 2018, the undersigned held a hearing on defendants' motion to dismiss, which argued for dismissal on multiple grounds, including improper venue under Federal Rule of Civil Procedure 12(b)(3). (ECF No. 11.) Plaintiff appeared on his own behalf, and Edward Olsen appeared on behalf of defendants. At the close of the hearing, the court ordered the parties to file supplemental briefs regarding plaintiff's prior case in the Northern District of California and the appropriate venue for the instant action. (ECF Nos. 17 & 18.) The parties have filed their briefs and supplemental materials. (ECF Nos. 19-22.)

Plaintiff is a former employee of the Food Safety Inspection Service, within the United States Department of Agriculture ("USDA"). (ECF No. 1 at 8.) The complaint names defendants Sonny Perdue, Yudhbir Sharma, Frank Gillis, and Muhammad Adil Chaudhry. (Id. at 2.) Sonny Perdue is the Secretary of Agriculture and the remaining defendants were USDA employees who

supervised plaintiff at various times relevant to the complaint. (Id. at 5-8.)

At all times relevant to the complaint, plaintiff worked at the Department of Agriculture's Food and Safety Inspection Service in Alameda, California. (See ECF No. 1 at 2, 8.)

The complaint asserts claims related to plaintiff's employment at USDA, under Title VII of the 1964 Civil Rights Act ("Title VII")[1]; the Americans with Disabilities Act ("ADA"); the Notification and Federal Employee Antidiscrimination and Retaliation Act ("No FEAR Act"); and the Whistleblower Protection Act ("WPA"). (Id. at 3-10.)

Title VII explicitly provides where venue lies for a claim brought under its statutory scheme.

> Such an action may be brought in any judicial district in the State in which the unlawful employment practice is alleged to have been committed, in the judicial district in which the employment records relevant to such practice are maintained and administered, or in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice, but if the respondent is not found within any such district, such an action may be brought within the judicial district in which the respondent has his principal office.

42 U.S.C. § 2000e-5(f)(3). This venue provision is mandatory and controls over the general federal venue statute, 28 U.S.C. § 1391.[2] See Johnson v. Payless Drug Stores Nw., Inc., 950 F.2d 586, 587 (9th Cir. 1991) ("it is clear that section 1391 has its limitations . . . Title VII also provides that [t]he provisions of section 2000e–5(f) through (k) of this title, as applicable, shall govern employment discrimination actions. . . . The shall govern language is mandatory) (internal citations and quotation marks omitted).

---

[1] In the complaint, plaintiff repeatedly refers to "Title VI of the Civil Rights act" (see e.g. ECF No. 1 at 9), but it is apparent that plaintiff intends to bring claims under Title VII and not Title VI, as he complains of discrimination and harassment on the basis of his religion, as well as retaliation. (See id. at 3-10.)

[2] The federal venue statute provides that a civil action may be brought only in "(1) a judicial district where any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action." 28 U.S.C. § 1391(b).

Here, the alleged wrongdoing occurred while plaintiff was employed in Alameda, California, which is within the geographical boundaries of the Northern District.

Moreover, in January 2009, plaintiff filed an action in the Northern District alleging that his requests for lateral transfers to Lodi, California and Pittsburgh, California were denied by the Department of Agriculture in violation of federal law. (Esparza v. Vilsack, No. 3:09-cv-00449 JWS (N.D. Cal.), Supplemental Decl. of Edward Olsen, Exh. A.) The parties settled that action for $43,5000 in October 2009. (Supp. Olsen Decl., Exh. D.) In the settlement agreement, plaintiff agreed that "he may not and will not use or rely on the incidents and actions underlying the Complaint, First Amended Complaint, or the EEO Complaint(s) underlying [t]his action to prove any other claims against the Federal Defendant, the United States Department of Agriculture, the United States, or its agencies or employees, in any other administrative proceeding, state court action, or federal action." (Id., ¶ 8.) To the extent the instant action attempts to litigate claims based on "incidents and actions" underlying the Northern District action, it would appear such claims are barred and cannot establish an alternate basis for venue. See 42 U.S.C. § 2000e-5(f)(3) (allowing for Title VII venue in any judicial district "in which the aggrieved person would have worked but for the alleged unlawful employment practice").

Accordingly, IT IS HEREBY ORDERED that this matter is transferred to the United States District Court, Northern District of California.

Dated: November 13, 2018

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

2/esparza0154.transfer

3